**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| **THE ESTATE OF LAURA SEMPREVIVO** *et al.*, | Civ. No. 18-1953(RMB-JS) |
| Plaintiff, | |
| v. | OPINION |
| **ATLANTIC COUNTY,** *et al.*, | |
| Defendants. | |

APPEARANCES:

John E. Kusturiss, Jr., Esq.
Law Offices of Conrad J. Benedetto
1405 Chews Landing Road, Suite 21
Laurel Springs, N.J. 08021
      On behalf of Plaintiff

Conrad J. Benedetto, Esq.
The Law Offices of Conrad Benedetto
1233 Haddonfield-Berlin Road, Suite 1
Voorhees, N.J. 08043
      On behalf of Plaintiff

Stephen D. Holtzman, Esq.
Jeffrey S. McClain, Esq.
Holtzman & McClain, PC
524 Maple Avenue, Suite 200
Linwood, N.J. 08221
      On behalf of Defendant CFG Health Systems, LLC

James T. Dugan, Esq.
Atlantic County Department of Law
1333 Atlantic Avenue, 8th Floor
Atlantic City, N.J. 08401
      On behalf of Defendants Atlantic County
      and Warden Geraldine Cohen

**BUMB,** United States District Judge

This matter comes before the Court upon Defendant CFG Health Systems LLC's ("CFG") motion for summary judgment ("CFG's Motion for Summ. J.," ECF No. 28) joined by Defendants Atlantic County and Warden Geraldine Cohen (the "Atlantic County Defendants") (Letter, ECF No. 29); Plaintiff's opposition to summary judgment (Pl's Opp. to Mot. for Summ. J., ECF No. 33); CFG's reply brief in support of motion for summary judgment (CFG's Reply, ECF No. 34) and CFG's motion for sanctions (CFG's Mot. for Sanctions, ECF No. 35). For the reasons discussed below, the Court will grant summary judgment to CFG, deny summary judgment to the Atlantic County Defendants and deny CFG's motion for sanctions.

I.   BACKGROUND

This suit, "Semprevivo II" arises out of the suicide death of Laura Semprevivo on September 16, 2016, in Atlantic County Jail. (Compl., ECF No. 1, ¶21.) Defendant CFG, joined by the Atlantic County Defendants, seek summary judgment based on res judicata and/or collateral estoppel stemming from the dismissal of a similar, earlier action, "Semprevivo I." Plaintiff opposes summary judgment because the claims against the Atlantic County Defendants were voluntarily dismissed without prejudice and because the claims against CFG are not the same claims brought in Semprevivo II.

II. <u>SEMPREVIVO I</u> AND <u>SEMPREVIVO II</u>

<u>Semprevivo I</u> was filed on March 29, 2017, Civil Action No. 17-2050(RMB-JS) (D.N.J.) Plaintiff alleged the following in the "Introductory Statement" in <u>Semprevivo I</u>:

> 1.  This is a civil rights action brought pursuant to 42 <u>U.S.C.</u> § 1983 seeking damages against Defendants for committing acts under color of law that deprived Plaintiff, Laura Christine Semprevivo, of her rights secured to her by the Constitution and laws of the United States.
>
> 2.  In particular, on September 16, 2016, Defendants violated the rights of Laura Christine Semprevivo by failing to keep her in a safe and secure environment where she could be kept free from injury, harm and death, and by failing to provide her with adequate medical care and attention in violation of the Eighth Amendment to the United States Constitution.
>
> 3.  In addition, this action is brought by Plaintiff[] against Defendants under the New Jersey common tort of negligence, as well as the New Jersey Civil Rights Act.

The Introductory Statement in <u>Semprevivo II</u> is nearly identical.[1]

In <u>Semprevivo I</u> and <u>II</u>, Plaintiff raised the same seven claims for relief but in <u>Semprevivo I</u>, Plaintiff sued CFG only under state tort law and in <u>Semprevivo II</u>, Plaintiff sued CFG only under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act. (Compare

---

[1] Plaintiff added an allegation of failure to provide adequate supervision to Paragraph 2 of the complaint in <u>Semprevivo II</u>.

Semprevivo I, Civil Action No. 17-2050(RMB-JS) (Compl., ECF No. 1, with Semprevivo II, Compl., ECF No. 1.)

Dismissal of CFG from Semprevivo I came about as follows. CFG filed an answer to the complaint on April 18, 2017. Semprevivo I, Civil Action No. 17-2050(RMB-JS) (Answer, ECF No. 14.) On May 8, 2017, the parties submitted a joint discovery plan. (Id., Joint Discovery Plan, ECF No. 20.) On June 9, 2017, the Honorable Magistrate Judge Joel Schneider entered a Scheduling Order, with amended pleadings due by August 31, 2017, discovery completed by December 29, 2017, and dispositive motions due on May 1, 2018. (Id., Scheduling Order, ECF No. 23.)

On August 21, 2017, CFG filed a motion for summary judgment, arguing that Plaintiff's medical and professional negligence claims should be dismissed for failure to produce an Affidavit of Merit in compliance with N.J.S.A. 2A:53A-26 et seq. (Id., Mot. for Summ. J., ECF No. 25.) On August 29, 2017, Plaintiff filed a motion to dismiss the entire action without prejudice. (Id., Mot. to Dismmiss, ECF No. 27.) CFG opposed Plaintiff's voluntary dismissal without prejudice and sought summary judgment with prejudice based on Plaintiff's failure to obtain an Affidavit of Merit. (Id., Cross Mot. for Summ. J., ECF No. 38.)

An amended scheduling order was entered on October 30, 2017, staying the deadlines pending decisions on the outstanding dispositive motions. (Id., Am. Scheduling Order, ECF No. 40.) Oral

4

argument was heard on CFG's motion for summary judgment and Plaintiff's motion for voluntary dismissal without prejudice on December 5, 2017. Semprevivo I, Civil Action No. 17-2050(RMB-JS) (Letter Order, ECF No. 42.) On December 6, 2017, this Court granted Plaintiff's motion to dismiss, but dismissal against CFG was with prejudice because CFG failed to obtain the necessary Affidavit of Merit on its state tort claims, and the remainder of the action was dismissed without prejudice. (Id., Order, ECF No. 43.)

Although an amended scheduling order stayed the deadlines in Semprevivo I on October 30, 2017, the deadline for filing amended pleadings had already expired on August 31, 2017. Instead of filing an amended pleading before the deadline expired, on August 29, 2017, Plaintiff filed a motion to dismiss the action without prejudice. This led to Plaintiff filing Semprevivo II on February 9, 2018.

III. DISCUSSION

A.    Federal Rule of Civil Procedure 56

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party asserting that a fact cannot be genuinely disputed must cite to materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including

those made for purposes of the motion only), admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c)(1)(A). If a party fails to properly address another party's assertion of fact, the court may consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2).

B.    Summary Judgment Standard of Review

Summary judgment is proper where the moving party "shows that there is no genuine dispute as to any material fact," and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Daubert v. NRA Group, LLC, 861 F.3d 382, 388 (3d Cir. 2017). The burden then shifts to the nonmovant to show, beyond the pleadings, "'that there *is* a genuine issue for trial." Id. at 391 (quoting Celotex Corp. v. Catrett, 447 U.S. 317, 324 (1986) (emphasis in Daubert)). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (citing Fed. Rule Civ. Proc. 56(c)).

C.    The Parties' Arguments

CFG contends that Plaintiff is attempting to relitigate the exact same claims against the exact same party that were litigated or could have been litigated in Semprevivo I. Therefore, CFG seeks dismissal based on res judicata and collateral estoppel. (CFG's

6

Brief in Supp. of Summ. J., ECF No. 28-9 at 22; Statement of

Undisputed Material Facts, ECF No. 28-8.)

CFG asserts that in Semprevivo I it identified by name the

CFG nurses involved in Laura Semprevivo's care in Atlantic County

Jail during the relevant time period, and that CFG asserted the

affirmative defense of Plaintiff's failure to file an Affidavit of

Merit as to CFG employees as well as to CFG as an entity. (Id.)

CFG notes that Plaintiff did not include CFG employees as

defendants in Semprevivo I, although CFG identified the employees

in its answer and Plaintiff had the opportunity to do so. (Id. at

18.) CFG then concludes:

> Simply put, Plaintiff was given the identities
> of potential negligent licensed professionals
> and afforded the opportunity to obtain an
> Affidavit of Merit with respect to same,
> whether as to direct claims of professional
> negligence which could have been brought
> against the individual medical providers or
> for claims of vicarious liability against
> Defendant CFGHS based on professional
> negligence of individual medical providers.
> Plaintiff failed to do so and all claims were
> dismissed with prejudice.
>
> Based on the foregoing, summary judgment and
> dismissal with prejudice are appropriate as to
> all claims brought against Defendant CFGHS
> based on the application of the doctrines of
> claim preclusion (res judicata) and issue
> preclusion (collateral estoppel).

(CFG's Brief in Supp. of Summ. J., ECF No. 28-9 at 19.) CFG requests

that "to avoid further issues, the Court should also order that no

further amendment attempting to implead new medical professional defendants will be permitted in this action." (Id. at 22.)

Plaintiff responds that res judicata and collateral estoppel are inapplicable. (Pl's Brief In Opp. to Def. CFG's Mot. for Summ. J., ECF No. 33 at 5; Pl's Response to Defendant's Statement of Undisputed Material Facts, ECF No. 33-2.) First, as to the Atlantic County Defendants joining in CFG's motion for summary judgment, Plaintiff argues res judicata is inapplicable because the claims against the Atlantic County Defendants were dismissed without prejudice; therefore, there was no final judgment on the merits. (Id. at 6.)

Second, Plaintiff contends res judicata does not apply to CFG because Semprevivo II is not based on the same cause of action. (Id.) Plaintiff states that there is no clear-cut test for when a suit involves the "same cause of action" for res judicata purposes. (Id. at 7.) This Court dismissed CFG from Semprevivo I because Plaintiff failed to obtain an Affidavit of Merit in support of their negligence, wrongful death, and survival actions under New Jersey state law, but in Semprevivo II, Plaintiff brought causes of action against CFG for federal constitutional violations and under the New Jersey Civil Rights Act. (Id.) Thus, neither of these causes of action were asserted or decided against CFG in Semprevivo I, where Plaintiff sought vicarious liability against CFG for the acts of their employees. (Id.)

8

In Semprevivo II, Plaintiff maintains that the cause of action is different, they seek to hold CFG liable for (1) "failure to intervene and see that correctional staff were trained in accordance with the contract that they had signed with Atlantic County;" (2) "failure to reflect on the increasing number of suicides at the facility and implement changes to their policies to counteract this fact'" and (3) "complete indifference to the culture of the substandard care that has ran rampant at the Atlantic County Jail." (Id. at 8.) Plaintiff explains:

> In Semprevivo I, the redress sought was for the actual care provided by Defendant CFGHS. Here, the redress is for the Defendant's complete indifference to Laura Semprevivo's constitutional rights under the 8th and 14th amendments.

(Id.)

CFG, in reply, points to the nearly identical Introductory Statements in the complaints in Semprevivo I and Semprevivo II and concludes that although some of the legal claims as to certain defendants are different, the cause of action is otherwise virtually identical. (Reply Brief in Supp. of Mot. for Summ. J., ECF No. 34 at 4.) CFG argues that Plaintiff ignores legal precedent that res judicata bars claims that were previously available, whether or not the claims were asserted in the earlier litigation. (Id. at 5, citing Angel v. Bullington, 330 U.S. 183, 192–93 (1947) citing (Chicot County Drainage Dist. V. Baxter State Bank, 308

9

U.S. 371 (1940)). CFG claims that res judicata bars all matters

which might have been raised by the parties in a former suit, as

well as those matters that were actually raised. (Id. at 6, citing

Gage v. Warren Tp. Committee & Planning Bd. Members, 463 F. App'x

68, 72 (3d Cir. 2012) citing (Kent Motor Cars, Inc. v. Reynolds &

Reynolds Co., 25 A.3d 1027, 1036 (N.J. 2011).

D.    Analysis

Res judicata, also called claim preclusion, acts as a bar to

subsequent litigation when three elements are met:

> (1) a final judgment on the merits in a prior
> suit involving (2) the same parties or their
> privies and (3) a subsequent suit based on the
> same cause of action.

Hoffman v. Nordic Naturals, Inc., 837 F.3d 272, 279–80 (3d Cir.

2016). "The third factor 'generally is thought to turn on the

essential similarity of the underlying events giving rise to the

various legal claims.'" Id. at 280.

> [R]es judicata bars a claim litigated between
> the same parties or their privies in earlier
> litigation where the claim arises from the
> same set of facts as a claim adjudicated on
> the merits in the earlier litigation.
> "Moreover, 'res judicata bars not only claims
> that were brought in the previous action, but
> also *claims that could have been brought.'*"
> [Sheridan v. NGK Metals Corp., 609 F.3d 239,
> 261 (3d Cir. 2010)] (internal citations
> omitted) (quoting Davis v. U.S. Steel Supply*,
> 688 F.2d 166, 171 (3d Cir. 1982). Further,
> "[t]he fact that several new and discrete
> discriminatory events are alleged does not
> compel a different result. A claim
> extinguished by res judicata 'includes all

10

> rights of the plaintiff to remedies against
> the defendant with respect to all or any part
> of the transaction, *or series of connected
> transactions,* out of which the action arose.'"
> [Davis, 688 F.2d] at 174 (emphasis in
> original) (quoting Restatement (Second) of
> Judgments § 24(1) (1982)).

Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 277 (3d Cir. 2014).
In determining whether two lawsuits involve the "same cause of
action" for the application of res judicata "the focus is on the
facts rather than the legal theories." Davis v. Wells Fargo, 824
F.3d 333, 342 (3d Cir. 2016).

The Court dismissed the claims against CFG in Semprevivo I
with prejudice because, although Plaintiff sought to voluntarily
dismiss the action without prejudice, CFG established that
Plaintiff failed to obtain the requisite Affidavit of Merit in
support of their New Jersey state tort claims for negligence,
wrongful death and a survival action. Only the Atlantic County
Defendants were dismissed without prejudice in Semprevivo I. Res
judicata does not bar Plaintiff's claims against the Atlantic
County Defendants in Semprevivo II because there was no final
judgment on the merits as to them.

The same series of transactions underlie Semprevivo I and
Semprevivo II. The allegations are that Laura Semprevivo was
incarcerated in Atlantic County Jail on September 16, 2016, and
CFG was under contract to provide health care to inmates in
Atlantic County Jail when Semprevivo committed suicide on

11

September 16, 2016. In Semprevivo I, Plaintiff sought to hold CFG liable for the negligence of its employees who failed to provide Semprevivo with adequate medical care during her incarceration. In Semprevivo II, Plaintiff seeks to hold CFG liable for its deliberate indifference to the inadequate care provided to Semprevivo when she committed suicide during her incarceration. Only the legal theories are different, the facts concerning the care provided to Semprevivo by CFG employees are the same in both actions.

Indeed, Plaintiff could have brought its § 1983 and NJCRA claims against CFG in Semprevivo I after CFG filed its motion for summary judgment on August 21, 2017. But, as discussed above, Plaintiff chose instead to seek voluntary dismissal of Semprevivo I without prejudice. The Court dismissed the action as to CFG with prejudice. Plaintiff is now precluded by res judicata from litigating claims against CFG in Semprevivo II.

John Doe CFG employees have not been identified or served in this action. Therefore, it is improper for this Court to determine whether res judicata bars Plaintiff's claims against John Doe CFG employees in Semprevivo II.

IV.  CFG's MOTION FOR SANCTIONS

CFG seeks sanctions against Plaintiff and/or Plaintiff's counsel under Federal Rule of Civil Procedure 11, alleging that Plaintiff brought this action against CFG knowing that all claims

12

against CFG were dismissed with prejudice in Semprevivo I, and Plaintiff should have brought all of its potential claims against CFG instead of bringing new claims in Semprevivo II. (Brief in Supp. of Mot. for Sanctions, ECF No. 35-9.)

"To comply with Rule 11, counsel is required to conduct 'a reasonable inquiry into both the facts and the law supporting a particular pleading.'" Balthazar v. Atl. City Med. Ctr., 279 F. Supp. 2d 574, 593–94 (D.N.J. 2003), aff'd, 137 F. App'x 482 (3d Cir. 2005) (quoting In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 278 F.3d 175, 187 n. 7 (3d Cir. 2002)). The Court finds counsel's conduct in this case most troubling.  At this point, however, the Court will deny the request for sanctions, but hereby publicly **REPRIMANDS** counsel for his misconduct. Counsel is warned that, in the future, bringing claims in a new action that could have been raised in an earlier dismissed action will likely result in monetary sanctions if unsupported by law.

V.    CONCLUSION

For the reasons discussed above, the Court grants CFG's motion for summary judgment and dismisses the claims against CFG with prejudice; denies CFG's motion for sanctions; and denies summary judgment to the Atlantic County Defendants.

An appropriate order follows.

Date: September 4, 2019

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**